UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JENNIFER LEIGH BRYSON,<br><br>　　Defendant. | No. 5:19-CR-139-H(01) |

### MEMORANDUM OPINION AND ORDER

Jennifer Bryson is serving a 42-month sentence for interstate transfer of stolen property. She has moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, her motion is denied.

**1.　The Offense Conduct**

Bryson, now 43 years old, worked as the general manager of a veterinary hospital. When she forged documents, then passed them to a student trying to transport her horses into Canada, her employer discovered that Bryson had been using the hospital's funds to pay her credit card bills and for two new trucks—more than 190 fraudulent transactions over four years, totaling $597,298.99. The defendant covered her expenses by stating that the money had gone to pay certain vendors who, in fact, went unpaid. So, not only did she steal from her employer, she ruined its relationships with vital partners. And she impacted the employer's ability to adequately fund other employees' retirement plans, too. On January 21, 2021, the Court imposed a sentence of 42 months' imprisonment, above the Guidelines range of 30 to 37 months. Dkt. Nos. 50-1; 59; 60; 64. According to the BOP, Bryson's expected release date is September 6, 2023.

2. **The Motion**

Bryon moves under the First Step Act for a reduction in her sentence to time served. Dkt. No. 67. Her motion recounts her medical history, the risks COVID poses to those with conditions like hers, the heightened risk to inmates of serious complications or death from COVID, and her efforts to reform herself in recognition of the wrongfulness of her conduct. *Id*. at 1. She notes that she has received the COVID vaccine, contracted and recovered from COVID, and has a spotless disciplinary record. *Id*.

3. **Governing Law**

District courts lack inherent authority to modify sentences. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) confers that power in limited circumstances. As amended by the First Step Act of 2018, that Section provides that, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id*. at 693 n.1.

When deciding whether to modify a term of imprisonment, the Court must "consider[] the factors set forth in [S]ection 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). But "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under [Section] 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *see* USSG § 1B1.13 & notes thereto. Even if a defendant shows extraordinary and

compelling reasons, the Court can deny a motion for compassionate release based on the Section 3553(a) factors alone. *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)

4.   **Analysis**

Bryson has properly exhausted her administrative remedies, *see* Dkt. No. 67 at 4–13, so the Court resolves the motion on the merits.

The main thrust of Bryson's argument is that COVID poses a risk to her as someone with various medical conditions. For the purposes of her motion, the Court takes Bryson at her word when she says that she had diabetes, an autoimmune disease, asthma, and is a cancer survivor. *Id*. at 1. Her medical records, which she has attached to her motion, *id*. at 17–33, are difficult to decipher but provide support for her allegations. Nevertheless, as Bryson concedes, she has already recovered from COVID and is vaccinated. *Id*. at 1. As a result, her concerns about COVID and its potential long-term effects are both unfounded and irreparable: she has already survived COVID, and whatever long-term effects the disease might cause will not be ameliorated by a reduced sentence. To be sure, reinfection is possible, but given the efficacy of COVID vaccines and the immunity conferred by her prior infection, the Court does not believe that the risks posed by a hypothetical second bout of COVID are extraordinary or compelling. This conclusion is buttressed by the fact that most of her medical conditions were known to the Court at the time of sentencing, which took place well into the pandemic. *See* Dkt. No. 33-1 at 9.

With few arguments in her favor, the Section 3553 factors decisively counsel against a reduced sentence here. The Court varied upwards to reflect the serious financial and social harm that the defendant's years of fraud—including impersonating a veterinarian—caused the victim. Bryson has adjusted well to incarceration, as evidenced by her

certificates and disciplinary records, *id.* at 14–15, 34–40, but that is what the Court expects of inmates; credit is not given for doing what is expected. Nor is her positive adjustment surprising in light of her lack of a criminal history. Nevertheless, the Court imposed the above-Guidelines sentence it did—during the pandemic and in full awareness of her personal history and the arguments of her counsel—in order to provide a just punishment and to deter others from similar behavior.

Particularly weighty in the Court's mind is the reality that the defendant will likely never repay the nearly $600,000 that she stole from her employer. In a financial crime like the defendant's, making the victim whole is of paramount importance. Given that is unlikely to occur (she has paid just $50 in restitution thus far), reducing her carceral sentence would send a message to the community that white-collar criminals face few consequences for their actions. Bryson has served a little more than half of her sentence.[1] But the Court imposed an upward variance for a reason: reducing her sentence to just 16 months would be unreasonable even if the Court had not varied upwards; that the Court did so merely underscores that conclusion. For all these reasons, a reduced sentence is inappropriate in light of the factors Congress instructs Courts to consider at sentencing.

The Sentencing Guidelines and their commentary do not bind the Court when evaluating Bryson's motion; here they merely bolster the Court's conclusion. *See* USSG § 1B1.13; *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). A generalized fear of COVID like Bryson's does not automatically entitle her to compassionate release. *Thompson*, 984 F.3d at 435; *see*

---

[1] Bryson reported to FMC Carswell on March 11, 2021, so as of August 11, 2022, she has served 518 days in custody and has—based on the BOP's projected release date of September 6, 2023—a further 391 days left to serve.

*also United States v. Broadfield*, 5 F.4th 801, 802–03 (Easterbrook, J.) (holding that, except for those who cannot receive a COVID vaccine, the "vaccines offer relief far more effective than a judicial order" and that the availability of the vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). At 43, Bryson's age is not a compelling argument for releasing her. Bryson says nothing about elderly or ailing relatives. And she has no children. Dkt. No. 33-1 at 9. So the Guidelines' commentary offer no basis for relief, either.

5.  **Conclusion**

Because she has failed to demonstrate that the Section 3553(a) factors or extraordinary or compelling circumstances support reducing her sentence, Bryson is not entitled to compassionate release. Her motion seeking that relief (Dkt. No. 67) is denied accordingly.

So ordered on August 12, 2022.

*[Signature]*

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE